**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

_____

KEVIN FERNANDEZ,

       Plaintiff,

   vs.

ISIDRO BACA et al.,

       Defendants.
_____

)
)
)
)
)
)
)
)
)
)
)

3:16-cv-00350-RCJ-WGC

**ORDER**

## I.    PROCEDURAL HISTORY

This is a prisoner civil rights complaint under 42 U.S.C. § 1983.  Plaintiff has sued multiple Defendants for various constitutional violations arising out of their having allegedly poisoned him with psychotropic drugs via his food.  The Court previously denied Plaintiff's application to proceed in forma pauperis because he had more than three "strikes" under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).[1][2]  Because the Court previously found at least three strikes, it did not screen the case on the merits.  It does so now.

---

1 Plaintiff did not allege that he was "under imminent danger of serious physical injury." *See id.* The alleged poisonings are alleged to have stopped on January 28, 2015, and Plaintiff alleged that he resided in New Hampshire, far from Defendants.

2 The strikes the Court found were: (1) Case No. 3:13-cv-412, in which Judge Du dismissed Plaintiff's complaint for failure to state a claim; (2) Case No. 3:06-cv-511, in which Judge Sandoval dismissed the federal causes of action in Plaintiff's complaint for failure to state a claim and remanded the state law claims to state court; and (3)–(4) Case No. 1:13-cv-94 in the

## II.   LEGAL STANDARDS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  When a court dismisses a complaint upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v.*

---

District of North Dakota, in which Judge Hovland dismissed Plaintiff's complaint for failure to state a claim, and the Court of Appeals summarily affirmed under Eighth Circuit Rule 47A(a), indicating that the Court of Appeals found the appeal to be "frivolous and entirely without merit."  The Court of Appeals reversed, ruling: (1) the appellate affirmance in the North Dakota case did not count as a strike because although the panel cited a circuit rule applicable to appeals that are "frivolous and entirely without merit," it did not separately recite those words in its order; and (2) the dismissal of the '511 Case did not count as a strike under the intervening precedent of *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017) because the case had been removed from state court.

*Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## III.   ANALYSIS

### A.   Factual Allegations

Plaintiff alleges that between July 23, 2014 and April 21, 2015, eight Defendants at Northern Nevada Correctional Center ("NNCC") served him food "that was mixed with psychotropic drugs/toxins for the sole purpose to cause Plaintiff injury . . . ." (Compl. 13, ECF No. 1-1).  He claims that he suffered symptoms such as dizziness, kidney pain, swollen glands, chest pain, hissing sounds in his ear, dry and bloodshot eyes, increased libido, loss of cognitive function, hot flashes, muscle aches, headaches, backaches, loss of hearing, rapid weight loss, and on one occasion fainting (resulting in injury), after eating the meals served by Defendants. (*Id.* 14–15).  Plaintiff suspects Defendants were drugging him with "a powerful pulmonary drug Adcirca." (*Id.* 15).  He only experienced the symptoms when certain officers served him (Defendants Mooney, Sawin, Puertos, Spears, Bauman, Fehr, Hogan, Gilbert, Holeman, Collins), not when other officers served him. (*Id.* 14–16, 19–20).  He also alleges that Defendants Ashworth, Baxley, Collins, Columbus, Drew Dillar, Huff, Spenilli, R. Vasquez, Walker, and Zuefelt served him food mixed with psychotropic drugs and/or toxins while he was assigned to administrative segregation at NNCC, as he experienced similar symptom when they served him. (*Id.* 16–19).

### B.   Federal Claims

### 1.   Cruel & Unusual Punishment and Due Process

Plaintiff brings claims of violations of substantive due process (Count I), violations of procedural due process (Count II), and cruel and unusual punishment (Count III) based on the alleged surreptitious poisonings.  The allegations of poisoning make out a claim of cruel and unusual punishment under the Eighth Amendment, because surreptitiously poisoning an inmate (as contradistinguished from involuntarily administering a medication under a doctor's orders) is

reasonably characterized as force applied maliciously or sadistically to cause harm with no good-faith purpose of restoring or maintaining order and discipline. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Count III may therefore proceed, but Counts I and II are dismissed, without leave to amend. Because the allegations implicate the Eighth Amendment, a due process claim is obviated. *See United States v. Lanier*, 520 U.S. 259, 272, n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

### 2.    Right to Petition

Under Count IV, Plaintiff brings a claim of First Amendment retaliation. He alleges the surreptitious poisonings were in retaliation for his having filed and settled *Fernandez v. Centric*, 3:12-cv-401-LRH-WGC in this District and for being a "prolific litigator" generally, i.e., in violation of his First Amendment right to petition the government for redress of grievances. (*Id.* 26–27). Plaintiff alleges that Defendants were aware of that case and that they poisoned him because he filed it. To state a First Amendment retaliation claim, a prisoner plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2004). To establish a prima facie case, a plaintiff must show not only that a defendant retaliated against him for his protected activity but also that the defendant's actions did not serve any legitimate penological goal, such as preserving institutional order and discipline. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and the protected activity. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–84 (1977)).

The Court dismisses this claim, with leave to amend. Plaintiff alleges Defendants knew of his past litigation against NNDC personnel and poisoned his food in retaliation, but he does not allege his rights were chilled as a result or that an inmate of ordinary firmness would have had his rights chilled. *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999). Plaintiff only suspects he was poisoned and only suspects the motive. He does not allege his complaints were chilled, and he in fact admits continuing to file complaints and lawsuits, which is borne out by the Court's docket. Nor does he sufficiently allege that an inmate of ordinary firmness would have had his speech chilled under the circumstances, because he does not allege that any Defendant who allegedly poisoned him had threatened to harm him over his past litigation before he was poisoned. He only alleges that he was in fact poisoned and that he suspects it was because of his past litigation. The only alleged comments indicating any intent to harm Plaintiff were made by Defendant Mooney. Mooney allegedly said he would "get" Plaintiff in response to Plaintiff's suggestion that Mooney might be fired, as a previous officer (Shaney) apparently had been. But that comment was made over a month after the poisonings allegedly began. A week later, when Plaintiff told Mooney and Bauman to stop drugging his food, Mooney allegedly said, "You know, I just know that we're going to have to take that guy down. You're through." But that threat was non-specific, was made after the alleged poisonings had begun, indicated future action, and was dismissive of the notion that Plaintiff was being poisoned. It does not support the allegation that Plaintiff was poisoned for having filed grievances or lawsuits. Any allegations that the alleged poisonings were in retaliation for Plaintiff having filed lawsuits or grievances are conclusory.

### 3. Remaining Federal Claims

Under Count V, Plaintiff brings another claim of deliberate indifference. He alleges that after he complained of the alleged poisoning on July 30, 2014, his blood and urine were tested

for drugs on August 6, 2014, but that a proper chain of custody was not followed, such that tampering was possible, and that only street drugs were tested for, anyway. (*Id.* 31–32). Similar testing in November 2014 was also insufficient. (*Id.* 33). The Court dismisses this claim, with leave to amend. Medical staff had no constitutional duty to investigate alleged constitutional violations by others. *See, e.g.*, *Spohn v. Mucklow*, No. 2:12-cv-101, 2012 WL 4667600, at *3 (E.D. Cal. 2012) (collecting cases). Plaintiff may amend if he can allege medical staff failed to treat him for a serious medical condition, but he may not simply allege that medical staff failed to investigate his allegations of poisonings.

Under Count VI, Plaintiff claims violations of unspecified constitutional rights under the theory of respondeat superior. Count VI is dismissed as a separate claim, without leave to amend. That is not to say certain supervisory Defendants cannot be liable for the alleged poisonings if Plaintiff can show they directed the violations or knew about them and failed to stop them when they had the power to do so. *See Starr v. Baca*, 652 F.3d 1202, 1205–07 (9th Cir. 2011). But there is no respondeat superior liability under § 1983. *E.g.*, *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1151 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). Nor does the act of denying a grievance implicate supervisory liability for the underlying claim. *See, e.g.*, *Kilaulani v. Sequeira*, No. 1:09-cv-1407, 2012 WL 3444279, at *5 (D. Haw. 2012) (collecting cases).

**C.      State Law Claims**

Under Count VII, Plaintiff alleges negligent spoliation of evidence under state law. Under Count VIII, Plaintiff alleges negligent inhumane treatment under Article I, Section 6 of the Nevada Constitution and Nevada Revised Statutes sections ("NRS") 209.371 and 209.381. Under Count IX, Plaintiff alleges a violation of NRS 41.700 via the alleged poisonings. Under Count X, Plaintiff alleges respondent superior liability as to the state law claims. Because these

claims raise novel issues of state law, the Court declines jurisdiction over them under 28 U.S.C. § 1367(c)(1). The claims are dismissed without prejudice, but without leave to amend. That means Plaintiff may not refile the claims in the present action but may refile the claims in a separate action in state court if he wishes.

**D.     Amendment**

Plaintiff may file an amended complaint to cure the deficiencies of Counts IV and V. Plaintiff is advised that an amended complaint will supersede the original Complaint and therefore must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). The amended complaint must contain all claims, defendants, and factual allegations. It may not contain claims dismissed without leave to amend. Plaintiff must file the amended complaint on the Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint." If Plaintiff does not timely file an amended complaint, the Court may dismiss Counts IV and V with prejudice for failure to prosecute without further notice, and the case will then proceed on Count III only.

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Application for Leave to Proceed in Forma Pauperis on Appeal (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Counts I, II, and VI are DISMISSED, without leave to amend.

IT IS FURTHER ORDERED that Counts IV and V are DISMISSED, with leave to amend.

IT IS FURTHER ORDERED that Counts VII through X are DISMISSED, without leave to amend and without prejudice, under 28 U.S.C. § 1367(c)(1).

IT IS FURTHER ORDERED that Count III shall PROCEED.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint curing the deficiencies of Counts IV and V as outlined in this Order, Plaintiff shall file the amended complaint within twenty-eight (28) days from the date of entry of this Order or the Court may dismiss Counts IV and V with prejudice for failure to prosecute without further notice, and the case will then proceed on Count III only.

IT IS FURTHER ORDERED that the Clerk shall send to Plaintiff the approved form for filing a § 1983 complaint, with instructions, and a copy of his original Complaint (ECF No. 1–1). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS SO ORDERED.

Dated  February 14, 2018.

_____
ROBERT C. JONES
United States District Judge